IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 11-13 |
| | ) |
| LISA ANN GRAY, | ) |
| Defendant. | ) |

MEMORANDUM

Gary L. Lancaster,                               April 30, 2012
Chief Judge.

       Defendant, Lisa Gray, has been charged with conversion of social security benefits in violation of 42 U.S.C. § 408(a)(5) (Count I) and theft of government property in violation of 18 U.S.C. § 641 (Count II). Defendant has filed a motion to dismiss the indictment on the grounds that the counts are improperly duplicitous and the charged conduct falls outside the statute of limitations. [Doc. No. 33.]

       In her motion to dismiss, defendant argues that the charged offenses are not continuing offenses as defined by the United States Supreme Court in <u>Toussie v. United States</u>, 397 U.S. 112 (1970). Thus, she argues, the counts are duplicitous because they charge distinct and separate offenses in a single count. Further, because the conduct charged in Count I allegedly began in September, 1998 and the conduct charged in Count II allegedly began in July, 1996, she argues the five year

statute of limitations in 18 U.S.C. § 3282 operates to bar prosecution. The government responds that both crimes constitute continuing offenses because the indictment charges an ongoing scheme of embezzlement.

A hearing was held on January 19, 2012, at which point the court took the parties' arguments under advisement. For the reasons set forth below, defendant's motion will be denied.

I. BACKGROUND

Defendant was indicted on both counts on January 18, 2011. The government alleges that defendant unlawfully converted Social Security child's insurance benefit payments ("SSI benefits") that were intended for her two severely disabled children for her own use from July, 1996 to October, 2007. She neither lived with, nor cared for, her children, who lived with other family members acting as adoptive parents. To further the scheme, she allegedly submitted numerous false documents to the Social Security Administration, including documents stating that the children were living with her and that she was using the money received for their benefit. She allegedly received $126,276 in monthly checks, and converted the entire sum to her own use. She has been charged with conversion for the entire time period. The count charging theft of government property covers only the period beginning in 1998

2

when defendant was the representative payee; prior to that, the children's putative father was the representative payee and turned the money over to her.

## II. LEGAL ANALYSIS

### A. Duplicity

Duplicity is the improper joining of two or more distinct and separate offense in a single count. United States v. Haddy, 134 F.3d 542, 548 (3d Cir. 1998). Duplicity is disfavored because a duplicitous count "may conceal the specific charges, prevent the jury from deciding guilt or innocence with respect to a particular offense, exploit the risk of prejudicial evidentiary rulings, or endanger fair sentencing." Id. (internal citations omitted). Conduct may be charged in a single count even where the conduct does not constitute a continuing offense for statute of limitations purposes. United States v. Jaynes, 75 F.3d 1493, 1506 n.12 (10th Cir. 1996).

To determine whether an indictment is duplicitous, the court must examine the statute to ascertain the proper unit of prosecution. United States v. Root, 585 F.3d 145, 150 (3d Cir. 2009). Defendant has cited United States v. Reagan, 596 F.3d 251 (5th Cir. 2010), for the proposition that each payment is a separate "unit of prosecution." Id. at 254. However, the analysis in Reagan was limited to multiplicity, which is a

distinct doctrine not implicated here. Id. at 253-54. Multiplicity is the improper charging of a single offense in multiple counts. Root, 585 F.3d at 159 n.7 (McKee, C.J., concurring). By contrast, "a single count of an indictment should not be found impermissibly duplicitous whenever it contains several allegations that could have been stated as separate offenses, but only when the failure to do so risks unfairness to the defendant." Id. at 155. That is, simply because offenses are not multiplicitous does not mean that prosecutors must always charge them in separate counts.

In United States v. Root, the United States Court of Appeals for the Third Circuit was faced with an indictment that charged several years of tax evasion in one count. 585 F.3d at 150. The court held that the dangers noted in Haddy were slight in a case in which the offenses were part of a single scheme to defraud. Id. at 155. "'If the doctrine of duplicity is to be more than an exercise in mere formalism, it must be invoked only when an indictment affects the policy considerations' that underlie that doctrine." Id. (quoting United States v. Murray, 618 F.2d 892, 897 (2d Cir. 1980)). The court of appeals noted that combining acts pertaining to a single course of conduct into one count may ultimately benefit the defendant by reducing the maximum penalties she might face if convicted. Root, 585 F.3d at 155.

4

This is consistent with a decision issued by the United States District Court for the Eastern District of Pennsylvania, which involved criminal conduct similar to that alleged here. In United States v. Atiyeh, 330 F. Supp. 2d 499 (E.D. Pa. 2004), the court was faced with an indictment alleging multiple acts of embezzlement and concealment of the embezzlement, respectively, in a single charge. Id. at 502. The court found that because the acts utilized a "recurring, automatic scheme," it was proper to charge them in one count. Id. at 504. Any concerns that a verdict might not be unanimous as to particular elements of the crime could be allayed with proper jury instructions. Id. See also United States v. Shorter, 809 F.2d 54, 58 (D.C. Cir. 1987) (holding that a count implicating "an allegedly consistent, long-term pattern of conduct" is not duplicitous).

The reasoning of Root and Atiyeh applies to both counts here. The indictment alleges that defendant applied for SSI benefits on behalf of her children, then set up a scheme in which she embezzled and converted each check to her own use. Defendant argues that Social Security regulations permitted her to either disburse or invest the SSI benefits for the use of her children. Therefore, she argues, some members of the jury could find that she improperly disbursed the money and others could find that she improperly invested it, allowing a conviction

without unanimity on the elements of the offense. However, the indictment alleges that defendant spent the money solely for her benefit, not for that of her children; defendant's argument is not consistent with the nature of the charged conduct. At any rate, any concerns about unanimity can be adequately addressed with proper jury instructions. The indictment is not improperly duplicitous.

B.  Statute of Limitations

Neither section 408 nor section 641 includes a statute of limitations. Thus, the general five year federal statute of limitations contained in 18 U.S.C. § 3282(a) applies.[1] In order for the limitations period to encompass the full course of defendant's conduct, the charge must constitute a continuing offense. Toussie v. United States, 397 U.S. at 115.

Several courts interpreting section 641 and similar statutes appear to be split on whether a scheme of embezzlement and conversion such as the one alleged here can be construed as a continuing offense. Compare United States v. Yashar, 166 F.3d 873, 879 (7th Cir. 1999) (holding that "the limitations period would be virtually unbounded" if embezzlement under 18 U.S.C. § 666 were a continuing offense), with United States v. Smith, 373

---

[1] "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a).

6

F.3d 561, 567-68 (4th Cir. 2004) (holding that a section 641 violation was continuing because it involved a "recurring, automatic scheme of embezzlement under section 641 by conversion of funds voluntarily placed in the defendant's possession by the government"). The United States Court of Appeals for the Third Circuit has not yet ruled on whether such a scheme can constitute a continuing offense.

However, the court does not need to address the issue, because even if the offenses are not continuing, dismissal of the charges is not the proper remedy. Where, as here, the conduct has been properly charged in a single count, the defendant may be convicted of the offense if any of the alleged acts occurred within five years of the indictment, even if prosecution for the others would be barred by the statute of limitations. Jaynes, 75 F.3d at 1507. Nor does this present an issue for sentencing purposes, as conduct not chargeable within the statute of limitations may properly be considered at sentencing. United States v. Stephens, 198 F.3d 389, 391 (3d Cir. 1999).

As the court found above, the continuing course of conduct may be charged within a single count without being duplicitous. This is sufficient to avoid dismissal even if the offenses are not continuing ones for the purposes of the statute of limitations.

7

III.     CONCLUSION

For the reasons set forth above, defendant's motion to dismiss the indictment will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
 )
    v. ) Criminal No. 11-13
 )
LISA ANN GRAY, )
        Defendant. )

ORDER

AND NOW, this 30th day of April, 2012, IT IS HEREBY ORDERED that defendant Lisa Ann Gray's Motion to Dismiss Indictment [Doc. No. 33] is DENIED.

BY THE COURT:

/s/ _____, C.J.

cc: All Counsel of Record